

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **SHAY MECHANICAL, LLC,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD86730** |
| | ) | |
| **V.** | ) | **OPINION FILED:** |
| | ) | **JULY 23, 2024** |
| **DANIEL ESPEY AND DIVISION** | ) | |
| **OF EMPLOYMENT SECURITY,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**Appeal from The Labor and Industrial Relations Commission**

Before Division Four:  Gary D. Witt, Presiding Judge, Thomas N. Chapman, Judge and Janet Sutton, Judge

Shay Mechanical, LLC ("Employer"), appeals the decision of the Labor and Industrial Relations Commission ("Commission") affirming an award of unemployment benefits to Daniel Espey ("Employee").  On appeal, Employer claims that the Commission erred by:  (1) failing to inquire about Employee's eligibility for benefits because there was uncontroverted evidence that Employee had full-time employment making him unavailable for work; and (2) affirming the Appeals Tribunal's decision because the factual findings were not supported by competent and substantial evidence in that Employee was fired for misconduct for violating a known work policy.  We affirm the decision of the Commission.

**Factual and Procedural Background**

Employer began its business in December of 2020. Employer hired Employee in January of 2021. Employer's handbook, given to employees, listed as a cause for dismissal, "[d]rinking alcohol, being under the influence of narcotics, or any other illegal drug while on Company time, while driving a Company vehicle, or while working in a customer's home." Employer referred to having a "zero tolerance" policy pertaining to alcohol use at work. In April of 2023, Employee was on vacation. While Employee was on vacation, Employer planned to have maintenance work done on the company vehicle that Employee had previously been driving. While cleaning out the vehicle, one of the owners of Employer found an empty beer can in the vehicle. On May 4, 2023, Employer terminated Employee for consumption of alcohol on the job.

Employee filed for unemployment benefits on May 9, 2023. Employer submitted a letter of protest, which averred that Employee's claim for benefits was fraudulent in that Employee was self-employed because he "owns Espey Outfitters in Pilot Grove, Mo." The letter also stated that Employee was discharged for violating an Employer policy because of the beer can in the vehicle among other various complaints. On May 30, 2023, a Missouri Department of Labor and Industrial Relations deputy determined that Employee was disqualified from receiving benefits because he had been discharged for misconduct connected with his work in that "an empty beer can was found in his assigned company vehicle [which was] a violation of company policy."

Employee appealed the denial of benefits to the Appeals Tribunal, and a telephone hearing was held during which one of the two owners of Employer, who was represented

2

by counsel, testified as did the office manager of Employer, Employee, who was *pro se*, and Employee's witness ("Co-worker").[1]  Co-worker testified that he would sometimes drink a beer "towards the end of the day" when he was a passenger in Employee's company vehicle and that the beer can was probably his; the beer tab was twisted in the way he habitually twisted his beer can tabs.  Co-worker had never seen Employee drink alcohol on the job.  Co-worker no longer worked for Employer and had left his position voluntarily.  There was other testimony that alcohol was present and consumed on Employer's property by other employees, including the owners.  Employer's testifying owner, upon re-direct from his counsel, testified that "the basis for why [he] terminated [Employee]" was that he "believe[d] that the [Busch] light can that [he] found in [Employee's] truck belonged to [Employee]".  Employer's counsel had an opportunity to question Employee on cross-examination and to give a closing argument.

The Appeals Tribunal issued a decision making the factual findings:

> The claimant was discharged because the employer believed he was drinking on the job.  There was conflicting evidence and testimony concerning the circumstances leading to the claimant's separation.  The employer's witness testified on or around May 4, 2023, an open, empty beer can was found in the claimant's work truck.  During the hearing, the claimant's witness, a former co-worker, testified that the beer can was his.  Other than a picture of the beer can in the claimant's work truck, the employer was unable to provide any other evidence that the beer can belonged to the claimant and not to anyone else.

---

[1] We do not include identifying information of witnesses other than parties pursuant to section 509.520.  All statutory references are to the Revised Statutes of Missouri (2016) as currently updated by supplement.

The decision concluded that "the employer has failed to show that the claimant committed the actions that led to the discharge." It continued, "Instead, the **credible** evidence shows that the beer can belonged to a different employee. As a result, the claimant's actions do not rise to the level of misconduct for purposes of the Missouri Employment Security Law." (emphasis added). The decision was that Employee was not disqualified from receiving benefits.

Employer appealed to the Commission claiming that the Appeals Tribunal erred in "ignoring the undisputed evidence that [Employee] is self-employed" and is therefore barred from receiving unemployment benefits. The appeal also faulted the Appeals Tribunal for "misrepresenting" Co-worker's testimony and for not making "any credibility determinations about the supposed conflicting testimony." The Commission affirmed the Appeals Tribunal's decision. This appeal follows.

**Standard of Review**

Our review of the Commission's decision is governed by section 288.210 and article V, section 18 of the Missouri Constitution. *McKeever v. Provident, Inc.*, 681 S.W.3d 342, 344 (Mo. App. E.D. 2023). We affirm if the Commission's decision is "supported by competent and substantial evidence upon the whole record." *Id.* (internal quotation omitted). The Commission's findings of fact are conclusive if they are supported by competent and substantial evidence. *Id* at 344-45. We will reverse the Commission's decision only if "the Commission exceeded its statutory authority, the decision was attained by fraud, the facts do not support the award, or there was insufficient evidence to support the award." *Id.* at 345.

4

> We give deference to the Commission's "resolution of conflicting evidence regarding a factual issue, the weighing of the evidence, and the credibility of witnesses." *Smith v. Greyhound Bus Company*, 477 S.W.3d 55, 59 (Mo. App. E.D. 2015) (citation omitted). Therefore, "[i]f the Commission has reached one of two possible conclusions as to a finding of fact, the reviewing court will not reach a contrary conclusion even if the court could reasonably do so." *Hoeft v. True Manufacturing Company, Inc.*, 604 S.W.3d 337, 339 (Mo. App. E.D. 2020).

*Morre v. Mo. Gaming Comm'n*, 669 S.W.3d 688, 692 (Mo. App. E.D. 2023).

## Analysis

### Employee's self-employment

Employer's first point on appeal is that the Commission erred in affirming the Appeals Tribunal's decision because the Appeals Tribunal failed to inquire about Employee's eligibility for benefits because "there was uncontroverted evidence that [Employee] has full-time, independent employment making him not 'available for work.'" We disagree. Employer's initial letter of protest in response to Employee's application for unemployment benefits checked that Employee's claim for benefits was fraudulent in that Employee was "self-employed . . . [h]e owns Espey Outfitters in Pilot Grove, Mo." However, Employee's ownership of a company, even if true as alleged, is not "uncontroverted evidence" that he is either employed full-time or unavailable for work. On the contrary, the evidence established that Employee owned his hunting guide company during the time he was employed and working full-time for Employer. His separation date is listed by Employer as May 4, 2023, and the letter in protest was submitted May 11, 2023. Even this letter implies that Employee's hunting guide company activity accommodated his full-time job with Employer.

5

More importantly, to the extent that Employer wanted to pursue Employee's self-employment as a disqualification for benefits, it had every opportunity to present actual evidence of this at the hearing. Employer, who was represented by counsel, participated in examining Employee thoroughly about his actions during his employment with Employer and whether the beer can discovered in the vehicle was his or whether it belonged to Co-worker. At the end of the hearing, the hearing officer asked counsel for Employer, "[Counsel], do you have any questions for [Employee]? Counsel asked Employee more questions about the beer can and whether he believed he was terminated for drinking alcohol on the job. Counsel did not ask Employee a single question about his company, whether or under what capacity Employee was working for his own company, or whether he was available for work. This was the opportunity for Employer to produce evidence to support its allegation that Employee was not eligible for benefits because he was not available for work. The basis of the initial denial of benefits was that Employee was terminated for misconduct associated with his work. Accordingly, that is what the Appeals Tribunal hearing officer focused on in his questioning. Employer failed to mention or in any way address its other alleged basis for disqualification and thus abandoned this basis for disqualification at the hearing.

Employer, in its reply brief before this Court, cites 8 CSR 10-5.015(10)(c) and claims that it "allow[s] an appeals tribunal to expand the scope of the issues to be addressed beyond what the Deputy determined." This provision reads, in relevant part:

> If the hearing officer believes that the deputy's determination did not apply the correct provision(s) of law to the factual situation presented, the hearing

6

> officer, after informing the parties, may expand or otherwise alter the hearing to include the correct issues involved.

It is clear that this provision leaves the matter entirely to the discretion of the hearing officer. Employer cites no authority stating that a hearing officer is required to expand review to include issues not addressed by the Deputy's initial determination. If Employer wanted the hearing officer to address the issue of Employee's alleged self-employment, it should have requested him to do so at the hearing. Employer failed to address this issue in any fashion at the hearing.

Point I is denied.

**Evidence of Misconduct**

Employer's second point on appeal is that the Commission erred in affirming the Appeals Tribunal's decision because "there exists competent and substantial evidence that Claimant violated a known policy and was fired for misconduct[.]" This point on appeal and Employer's arguments thereunder ignore our standard of review.

As stated above, we affirm if the Commission's decision is "supported by competent and substantial evidence upon the whole record." *McKeever*, 681 S.W.3d at 344 (internal quotation omitted). The Commission's findings of fact are conclusive if they are supported by competent and substantial evidence. *Id* at 344-45. That there was evidence that could have led to an inference that Employee violated Employer's policy by consuming a beer in his company vehicle is not dispositive. There was also evidence from Co-worker that the beer can was likely his and that Employee did not drink alcohol on the job. The hearing officer found this evidence "credible" and concluded that

7

Employee's actions did not rise to the level of misconduct. The evidence supports the Commission's decision.

Point II is denied.

## Conclusion

For the above-stated reasons we affirm the decision of the Commission.

_____
Gary D. Witt, Presiding Judge

All concur

8